**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

DAVID MORENO FLORES,

Petitioner,

v.

ERNESTO SANTACRUZ, JR., et al.,

Respondents.

Case No. 5:26-cv-03393-SP

**MEMORANDUM OPINION AND ORDER GRANTING PETITION**

## I.
## INTRODUCTION

On June 18, 2026, petitioner David Moreno Flores, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Desert View Annex Detention Center in Adelanto, California. Petitioner contends his detention violates the Immigration and Nationality Act ("INA"), his right to due process under the Fifth Amendment, and the Administrative Procedure Act ("APA"). Petitioner also claims his arrest violated the Fourth and Fifth Amendment. Petitioner seeks immediate release from immigration custody or, in the alternative, a bond hearing.

Respondents filed an Answer on July 6, 2026. Docket no. 10. The court ordered respondents to supplement the record. Docket nos. 7, 12. After initially submitting a defective audio file, respondents lodged an audio file of petitioner's May 18, 2026 bond hearing on September 3, 2026. Docket no. 13 ("Audio Tr.").

For the reasons discussed below, petitioner's abuse of discretion claim merits relief. The court therefore grants the Petition and issues a writ of habeas corpus requiring petitioner's immediate release from immigration custody

## II.

## BACKGROUND

Petitioner is a 48-year old native and citizen of Mexico who last entered the United States in August 2010 on a border crossing card. Pet. ¶¶ 11, 26, Ex. A.[1] Prior to his August 2010 entry, petitioner has a history of multiple lawful entries in the United States using a border crossing card dating back to September 2005. *Id.* ¶ 26, Ex. A.

Petitioner has resided continuously in the United States since his August 2010 entry. Pet. ¶ 26. Petitioner resides in San Bernardino, California with his wife and three United States citizen children, ages nine to nineteen. *Id.* ¶ 28. Petitioner has been steadily employed, including as a construction worker with the same company for the past seven years, and consistently files tax returns. *Id.* ¶ 30. Petitioner is an active leader in his church, performs volunteer work, and has no criminal record. *Id.* ¶¶ 31-32.

On April 20, 2026, ICE was conducting a targeted operation to locate a fugitive when they stopped petitioner's vehicle. *Id.* ¶ 34, Ex. A. Petitioner complied with the vehicle stop, provided his valid driver's license, and answered all of ICE's questions,

---

[1] The Petition is signed only by petitioner's counsel and it is not verified by petitioner. The court accepts the facts alleged in the Petition: (1) for the purposes of Part II of this opinion if uncontested; (2) if supported by documents submitted by petitioner as part of the Petition; or (3) if the information could be within counsel's personal knowledge.

including stating that he was a citizen of Mexico who had entered on a border crossing card. *Id*. ¶¶ 35-36, Ex. A. The ICE officers arrested petitioner. *Id*. ¶ 36, Ex. A.

At a May 18, 2026 bond hearing, an immigration judge ("IJ") denied bond on the grounds that petitioner is a flight risk. *Id*. ¶¶ 38, 40, Ex. B.

**III.**

**DISCUSSION**

Petitioner raises four grounds for relief, that: (1) the bond determination constitutes an abuse of discretion under the INA; (2) his detention violates his Fifth Amendment right to due process; (3) his arrest violated his Fourth Amendment right to be free from unreasonable seizure and Fifth Amendment right to equal protection; and (4) his detention violates the APA. Pet. ¶¶ 41-61. Respondents argue the court lacks jurisdiction over the claims, petitioner has not exhausted his administrative remedies, and petitioner has failed to identify a due process violation or legal error. *See* Answer at 1-5.

**A. The Court Has Jurisdiction Over the Claims in the Petition**

Respondents argue that to the extent petitioner is challenging the outcome of his bond hearing, 8 U.S.C. § 1226(e) bars the court from reviewing the decision. *Id*. at 1-2.

"Under [8 U.S.C.] § 1226(e), an alien may not challenge a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release in federal court." *Martinez v. Clark*, 124 F. 4th 775 (9th Cir. 2024) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up)). This includes discretionary bond decisions. *See Perez Velasquez v. Bondi*, 2026 WL 1042479, at *2 (S.D. Cal. Apr. 16, 2026).

"Although § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (courts have jurisdiction under 28 U.S.C § 2241 to consider any error of law in an immigration proceeding, including due process violations); *Perez Velasquez*, 2026 WL 1042479, at *2. The "application of the 'dangerousness' standard is

a reviewable mixed question" of law and fact. *Martinez*, 124 F.4th at 783; *Singh*, 638 F.3d at 1207 n.6 ("The question of what standard of dangerousness the government must meet presents a reviewable legal issue."). Similarly, a flight risk determination is also a mixed question of fact law and fact, "which is reviewable to the district court as a question of law." *Miri v. Bondi*, 2026 WL 622302, at *5 (C.D. Cal. Mar 5, 2026); *W.T.M. v. Bondi*, 2026 WL 262583, at *1 (W.D. Wash. Jan. 30, 2026) (court has subject matter jurisdiction over the IJ's flight risk determination where the petitioner challenges whether the bond hearing violates his due process rights). As such, "a district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see Martinez*, 124 F.4th at 784; *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. Apr. 10, 2026); *Miri*, 2026 WL 622302, at *5.

Here, petitioner argues he should be released because the bond hearing decision was contrary to the law and violated due process. *See* Pet. ¶¶ 41-50, 56-61. He has therefore properly invoked this court's habeas jurisdiction.

**B. <u>Administrative Exhaustion Is a Prudential Requirement</u>**

Respondents contend petitioner must utilize the administrative process and exhaust his claims by appealing to the BIA. Answer at 2-5.

The Immigration and Nationality Act contains an administrative exhaustion requirement. *Puga v. Chertoff*, 488 F.3d 812, 814-15 (9th Cir. 2007) (citing 8 U.S.C. § 1252(d)(1)). But "[t]he exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted); *Singh*, 638 F.3d at 1203 n.3 ("On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement."). "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative

review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Puga*, 488 F.3d at 815 (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)); *see N.A. v. Warden, Adelanto Det. Facility*, 2026 WL 734587, at *6 (C.D. Cal. Feb. 20, 2026) ("Because exhaustion is not jurisdictional, courts have discretion to waive a prudential requirement.") (internal quotation marks and citation omitted).

Assuming the *Puga* factors weigh in favor of an exhaustion requirement, the court here exercises its discretion to waive the exhaustion requirement because the first and third *Laing* factors apply. First, petitioner will suffer irreparable injury through his continued detention after an allegedly constitutionally inadequate bond hearing while waiting for the BIA's decision. *See Perez Velasquez*, 2026 WL 1042479, at *4 (collecting cases). Petitioner also is the primary financial provider for his household. *See Soto Gimenez v. Hernandez*, 2026 WL 1156075, at *5 (W.D. Wash. Apr. 29, 2026) (finding continued detention of primary caretaker would result in irreparable harm); Pet. ¶ 25. Second, the administrative remedies are inadequate and not efficacious. Even if the BIA reversed the bond determination, that would not be an adequate remedy for petitioner's potential prolonged detention. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019) ("[B]ecause of delays inherent in the administrative process, BIA review would result in the very harm that the bond hearing was designed to prevent: prolonged detention without due process during lengthy and backlogged removal proceedings.") (internal quotation marks and citation omitted). Accordingly, the court exercises its discretion to waive the exhaustion requirement.

**C. <u>The Immigration Judge Abused His Discretion By Denying Bond</u>**

Petitioner argues the IJ's denial constituted an abuse of discretion. Pet. ¶¶ 6, 41-45. Specifically, petitioner argues the IJ's denial was arbitrary, he made legally erroneous findings, and he failed to provide reasoned explanations for his flight risk finding, thus amounting to a categorical denial rather than an individualized assessment. *See id*.

**1. <u>Legal Standard</u>**

Courts review an immigration judge's danger or flight risk determination under an abuse of discretion standard. *Martinez*, 124 F.4th at 784-85. An immigration judge's danger or flight risk determination is an abuse of discretion when it is "arbitrary, irrational, or contrary to law." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts [] have found due process violations where IJs abuse discretion in bond determinations." *Soto Gimenez*, 2026 WL 1156075, at *6 (collecting cases). "Under an abuse of discretion standard, [the court] cannot reweigh evidence," but instead only determines whether the IJ applied the correct legal standard. *Martinez*, 124 F.4th at 785.

"To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine [non-exhaustive] factors under BIA precedent." *Id.* at 783 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). An ALJ may consider any or all of the following:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record,

> including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. at 40. "An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* While an IJ need not address every piece of evidence, they must consider and address the submitted evidence and issue a decision that fully explains their reasoning. *Franco-Rosendo v. Gonzalez*, 454 F.3d 965, 966 (9th Cir. 2006) (an IJ "abuses [his] discretion when [he] fails to consider and address in its entirety the evidence submitted by a petitioner and to issue a decision that fully explains the reasons for" the decision) (quotation marks and citation omitted); *see Maksim v. Warden, Golden State Annex*, 2026 WL 82339, at *2 (E.D. Cal. Jan. 12, 2026) (an IJ's failure to specifically state that he considered certain facts or evidence does not mean he failed to consider them since he is presumed to have considered the evidence before him) (citing *Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000)). When there is an indication the IJ failed to actually consider all of the evidence, the court will not credit an IJ's vague assertion. *Perez Vazquez*, 2026 WL 1042479, at *6.

**2. <u>Bond Decision</u>**

In this case, the IJ's written order and memorandum did not specify the evidence considered; however, the IJ made express oral findings at the May 18, 2026 bond hearing. *See* Pet., Ex. B; Answer, Ex. A. The IJ indicated that petitioner failed to meet his burden to show that he was not a flight risk.[2] Audio Tr. at 49:24-28. The IJ cited

---

[2] Petitioner argues the IJ violated due process by placing the burden of proof on him rather than the government. Pet. ¶ 49. Because the court finds the IJ abused his

three factors to support his conclusion: (1) petitioner stayed in the United States 16 years without legal status; (2) the immigration relief sought by petitioner is speculative; and (3) petitioner's sponsor was a friend rather than relative and his income was relatively low. *Id.* at 44:22-47:35. The IJ also considered the fact that petitioner's spouse was a noncitizen, petitioner could not remember the exact dates of his entrances into and exits from the United States, and the fact petitioner did not abscond from ICE. *See id*. at 39:49-43:43. The court finds the ALJ abused his discretion in finding petitioner a flight risk.

First, the IJ paid "particular attention" to the fact that the petitioner overstayed his visa by 16 years and disregarded the immigration laws. *Id*. at 44:22-30. The IJ fails to explain why petitioner, who resided continuously in the same city for 16 years with his family, would now be motivated "to uproot his family from his community (or abandon his family) to avoid immigration officials and flee." *Soriano*, 830 F. Supp. 3d at 1080; *see Sergio Poot v. Mullin*, 2026 WL 2659590, at *8 (C.D. Cal. Sept. 9, 2026) (simply entering the country without permission decades ago is legally insufficient to establish a current flight risk). "Concluding that [violating immigration laws by overstaying], without any criminal history or any history of failing to appear, automatically weighs in favor of finding flight risk lacks any objective rationale." *See Soriano*, 830 F. Supp. 3d at 1080. Moreover, by this reasoning, all noncitizens without legal status are automatically flight risks and should be denied bond. "[T]his would effectively transform discretionary detention into de facto mandatory detention" and violates due process. *Segura Serrano v. Scott*, 2026 WL 1674357, at *7 (W.D. Wash. May 26, 2026) (reliance on considerations leading to automatic denials of bond in all cases violates due process); *see Gonzalez Reyes v. Rios*, 2026 WL 2190830, at *5 (C.D. Cal. Jul. 28, 2026) (the IJ abused his discretion in concluding petitioner's immigration history made him a flight risk since that

---

discretion, the court need not reach this issue; however, the court assumes petitioner bears the burden of proof at the initial 8 U.S.C. § 1226(a) hearing.

would mean detention is automatic regardless of how many factors were in petitioner's favor).

Second, the IJ determined that petitioner is a flight risk because his avenues for relief from removal proceedings are speculative. Audio Tr. at 44:22-46:04. "An immigration judge may consider the likelihood that relief from removal will be granted in determining whether an alien warrants a bond, because a noncitizen who likely faces inevitable removal may not be inclined to appear at future removal hearings." *Gonzalez Reyes*, 2026 WL 2190830, at *5 (internal quotation marks and citation omitted). But the unlikelihood of relief from removal or adjustment of status – or the existence of a removal order – alone is insufficient to deny bond. *See Cruz-Acevedo v. Scott*, 2026 WL 1623154, at *8 (W.D. Wash. Jun. 5, 2026); *Segura Serrano*, 2026 WL 1674357, at *8. Here, the IJ did not explain how the weaknesses he perceived in petitioner's claim for relief or the length of time it would take to adjudicate the claim demonstrates flight risk, how this factor outweighed factors in favor of petitioner such as his significant family and community ties, or why he concluded that under these circumstances, petitioner was likely to flee rather than pursue his claims for relief, even if they are weak. Moreover, the IJ acknowledged that petitioner's likelihood of relief "has not been developed into [the] record," thus indicating he was merely speculating and his finding was not based on evidence. Audio Tr. at 44:31-42.

Third, the IJ found that the status and income of petitioner's sponsor to be a flight risk factor. *Id*. at 46:39-47:31. The IJ noted the sponsor is "just a friend" as opposed to a relative, his income was "relatively low," and his existence does not ensure petitioner's appearance. *Id*. at 42:03-20, 46:39-47:31. The IJ failed to explain why the fact that the sponsor is "just a friend" is evidence that petitioner is a flight risk. *See Herrera Ramirez v. Blanche*, 2026 WL 2395217, at *10 (C.D. Cal. Aug. 17, 2026) (IJ abused his discretion in finding petitioner's sponsorship by employer to be a factor of flight risk). Nor did the IJ cite any authority that the sponsor's income was insufficient, and indeed seemed to acknowledge it may meet the threshold. *See* Audio Tr. at 46:40-47:35; *Gonzalez Reyes*,

2026 WL 2190830, at *6 (IJ failed to cite any authority that a particular income level was insufficient to qualify as a sponsor and indeed the income level qualified). While there may be some reason to finding that a particular sponsor is not necessarily a positive factor, treating the existence of a sponsor as a negative factor lacks objective rationale.

Finally, the IJ listed several factors that support a finding that petitioner is not a flight risk – his family ties in the United States, his length of time here, and the fact he did not try to abscond when stopped by ICE. Audio Tr. at 39:49-40:28, 43:10-43. But the IJ failed to explain why the negative factors "completely outweigh" the positive factors (*id*. at 49:05-24), particularly when he found that petitioner's actions indicate he is compliant and is not trying to abscond (*id*. at 43:10-43, 48:58-49:07).

In short, not only are the IJ's cited factors for his flight risk determination legally insufficient, his conclusion is inconsistent with his own finding that petitioner's actions indicate he is not trying to abscond. The court therefore finds that the IJ abused his discretion in finding that petitioner is a flight risk that no amount of bond would be sufficient to offset. *See Zahei v. Larose*, 2026 WL 1415042, at *6 (S.D. Cal. May 19, 2026) (the IJ's misapplication of the legal standard both violates due process and was legally insufficient).

**3. <u>Remedy</u>**

The remaining question is what remedy is appropriate. Petitioner argues that the appropriate remedy here is release from custody. Pet. at 23.

"Given that 'habeas corpus is, at its core, an equitable remedy,' . . . courts have 'broad discretion in conditioning a judgment granting habeas relief.'" *Huaembukie v. Bondi*, 2026 WL 879723, at *1 (C.D. Cal. Mar. 31, 2026) (citing *Schlup v. Delo*, 513 U.S. 298, 319 (1995), and *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release . . . or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez*, 2026 WL 1042479, at *7 (collecting cases). Here, petitioner

has been in custody since April 20, 2026 and was not provided a custody redetermination hearing until almost a month after he was detained and only upon his request. *See* Pet. ¶ 38. And as the court determined, the bond hearing was legally inadequate. The court therefore finds the appropriate remedy is release.

**D. <u>Petitioner's Remaining Claims</u>**

Petitioner also argues that his detention violates due process and the APA. Pet. ¶¶ 46-61. Because the court has already concluded that the IJ's determination constituted an abuse of discretion, it need not address the remaining claims.

**IV.**

**<u>ORDER</u>**

IT IS THEREFORE ORDERED that: (1) Judgment will be entered granting the Petition; (2) respondents shall immediately release petitioner David Moreno Fores (A# 221-462-413) from immigration custody; (3) respondents shall return any confiscated property and documents to petitioner upon his release; (4) respondents are enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that petitioner presents a flight risk or a danger to the community; and (5) respondents shall file a status report no later than September 17, 2026, confirming that petitioner has been released from respondents' custody.

DATED: September 14, 2026

SHERI PYM
United States Magistrate Judge